**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| WESLEY SCOTT WILLIAMS, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| FRANK SMITH, et al., | : | CIVIL ACTION NO. |
| Defendants. | : | 1:08-CV-2918-RWS |

## ORDER

Plaintiff, Wesley Scott Williams, confined in the Clayton County Detention Center in Jonesboro, Georgia, has submitted this civil rights action without prepayment of the $350.00 filing fee, other fees, or security therefor. (Doc. No. 1.) For the purpose of dismissal, Plaintiff is **GRANTED** in forma pauperis status, and the matter now is before the Court for preliminary screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.   28 U.S.C. §§ 1915(e)(2) and 1915A Standard

A federal court shall dismiss an in forma pauperis action against a governmental official or a non-governmental party if it determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (pertaining to non-governmental party); 28 U.S.C. § 1915A (pertaining

to governmental official). A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., "the factual allegations are clearly baseless," "the legal theories are indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, _ U.S. _, _, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276

(11th Cir. 1992). See also Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

In order to state a civil rights claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. **Discussion**

Plaintiff brings this civil rights complaint against Frank Smith, his defense attorney; Dawn Belisle-Skinner, Assistant District Attorney; Joanne Southerland, detective; and the State of Georgia. (Doc. No. 1.) Plaintiff complains that Smith

3

AO 72A
(Rev.8/8
2)

withdrew his motion for a speedy trial, Belisle-Skinner withheld evidence at his preliminary hearing, and Southerland gave false information at his preliminary hearing. (Id.) Plaintiff seeks release and damages. (Id.)

A civil rights action is not the proper vehicle whereby to seek, in the form of injunctive relief, release from an allegedly unconstitutional confinement. Preiser v. Rodriguez, 411 U.S. 475, 487-90 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Additionally, Eleventh Amendment immunity bars damages and injunctive-relief in a civil rights action against a state. See Cory v. White, 457 U.S. 85, 90-91; Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989). Further, a prosecutor is protected by absolute immunity from damages liability when performing as an advocate for the government. See Burns v. Reed, 500 U.S. 478, 485-86 (1991); Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000). A defense attorney (public or private) is not a state actor, and, absent allegations that the attorney acted in a conspiratorial/symbiotic relationship with a state actor, he or she is not subject to suit under § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Lowe v. Aldridge, 958 F.2d 1565, 1572 (11th Cir. 1992) (addressing the nexus/joint

action test for viewing a private party as a state actor).[1]  Further, a witness at a preliminary hearing is absolutely immune from civil liability damages for his or her testimony.  Scarbrough v. Myles, 245 F.3d 1299, 1305 (11th Cir. 2001).

Plaintiff's claim for release must be dismissed.[2]  Further, the State of Georgia, Smith, Belisle-Skinner, and Southerland shall be dismissed because they either are not subject to a § 1983 civil rights action or are protected by immunity from Plaintiff's damage claims.

---

[1] Plaintiff alleges nothing that warrants application of the other two tests for viewing a private party as a state actor, i.e., the public-function and state-compulsion tests.  See Lowe, 958 F.2d at 1572 (stating that "[t]he public function test covers only private actors performing functions traditionally the exclusive prerogative of the State" (quotations omitted) and that the public compulsion test does not apply when the private actor is not compelled, but has acted willingly).

[2] If Plaintiff wishes to obtain release, he must file a federal habeas corpus petition after exhausting his available state remedies.  See 28 U.S.C. § 2254(b)(1) (dictating that a federal court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state remedies or circumstances exist that render the state process ineffective).  Because there is no indication that Plaintiff has exhausted his state remedies, this Court declines construing the instant complaint as an attempt to bring a federal habeas corpus action.  See id.; see also Castro v. United States, 540 U.S. 375, 377-78 (2003) (disfavoring sua sponte re-characterization of a filing as a federal habeas corpus petition).

### III. Conclusion

For the reasons stated above,

This action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**IT IS SO ORDERED**, this   30th   day of September, 2008.

*/s/ Richard W. Story*
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

6

AO 72A
(Rev.8/8
2)